# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JORGE GARCIA ARCHER,

                Petitioner,

    vs.

TODD BLANCHE, *et al.*,

                Respondents.[1]

Case No.: 2:26-cv-00457-GMN-NJK

**ORDER GRANTING MOTION FOR ORDER PROHIBITNG REMOVAL**

Pending before the Court is Petitioner Jose Garcia Archer's Motion for Order Prohibiting Respondents from Removing Petitioner from the District of Nevada, (ECF No. 18). Federal Respondents Michael Bernacke, Pamela Bondi, Todd Lyons, and Kristi Noem filed a Response, (ECF No. 20).

On April 2, 2026, Federal Respondents filed a second Motion for Extension of Time to file a Response to the Amended Petition. (Second Mot. Extend, ECF No. 17).  In that Motion, Federal Respondents explained that the Board of Immigration Appeals ("BIA") issued a decision in Petitioner's immigration case on April 2, 2026. (*Id.* 1:11–20).  Federal Respondents represented that the BIA vacated the Immigration Judge's ("IJ") decision granting Petitioner's application for deferral of removal, and ordered Petitioner removed to Cuba. (*Id.*).

Though Petitioner contends that the BIA's decision does not change which section of the Immigration and Nationality Act ("INA") controls Petitioner's detention, he seeks an order from this Court enjoining Respondents from deporting Petitioner while this case is being litigated to preserve this Court's jurisdiction in this case. (*See generally* Mot. Order Prohibiting

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted or currently named Kristi Noem.  The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

Removal, ECF No. 18).  Petitioner argues that ICE has threatened to deport several Cuban clients to Mexico without notice, citing several motions for temporary restraining orders in several other cases in this District asserting the same. (*Id.* 2:11–17).  Federal Respondents contend that such an order is unnecessary because the Court has already issued an Order, (ECF No. 4), preventing them from removing Petitioner from this district "unless effectuating a lawful deportation." (Resp. 1:17–19, ECF No. 20).  Further, they assert that the Court "does not have jurisdiction to prevent the lawful deportation of [a noncitizen] when there is no indication that the removal is unlawful," without providing any legal support for that statement. (*Id.* 1:19–21).  The Court agrees that it has already issued an order preventing Respondents from removing Petitioner from this district with an exception for effectuating a lawful deportation; thus, the only question here is whether it is within the Court's authority to order Respondents not to remove Petitioner from the United States during the pendency of this case.

Under the All Writs Act, a district court may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.  The Supreme Court has explained that the All Writs Act gives a court the "express authority . . . to issue such temporary injunctions as may be necessary to protect its own jurisdiction." *FTC v. Dean Foods Co.*, 384 U.S. 597, 608 (1966); *see also Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)).

Courts around the country have temporarily enjoined immigration authorities from deporting individuals to preserve their jurisdiction over a § 2241 case. *See, e.g.*, *Yemane-Barie v. Bondi*, 2:26-cv-00854-RFB-BNW, 2026 WL 80071 at *2 (D. Nev. March 23, 2026) (enjoining Respondents from removing the petitioner from the District of Nevada and the United States to maintain the status quo while the Court disposes of the claim); *Cotoc Yac De*

*Yac v. Hermosillo*, 3:25-cv-2320-SI, 2025 WL 3564819, at *2 (D. Or. Dec. 12, 2025) (ordering that the petitioner "not be transferred out of the District of Oregon or deported," because such an order was "necessary in aid of [the court's] jurisdiction"); *Hongwei Zheng v. Noem*, EDCV 26-0675 JGB, 2026 WL 431141, at *1 (C.D. Cal. Fe b. 13, 2026) ("To preserve the Court's jurisdiction pending a ruling in this matter, the Court ORDERS that Petitioner shall not be removed from the United States unless and until the Court orders otherwise.") (citing *California Energy Com'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *J.A.V. v. Trump*, 780 F. Supp. 3d 705, 707 (S.D. Tex. 2025) (enjoining respondents under the All Writs Act from "transferring, relocating, deporting, or removing" any petitioner outside of the Southern District of Texas because "maintaining the status quo is required to afford the Court the ability to consider the request for a preliminary injunction and other forms of relief"); *Du v. United States Dep't Homeland Sec.*, 3:25-cv-644 (OAW), 2025 WL 1317944 (D. Conn. April 24, 2025) (enjoining defendants from removing and deporting any plaintiffs from the District of Connecticut in order to preserve the status quo and maintain the court's jurisdiction over the case).

In the absence of a single identified legal authority to the contrary from Federal Respondents, the Court finds that it has jurisdiction to order Respondents not to remove Petitioner from the United States in order to preserve the Court's jurisdiction over the claims during the pendency of this case.

///

///

///

///

///

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Order Prohibiting Respondents from Removing Petitioner from the District of Nevada, (ECF No. 18), is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents are enjoined from removing Petitioner from the United States during the pendency of this case.

**IT IS FURTHER ORDERED** that Respondents must immediately provide a copy of this Order to their clients.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted or currently named Kristi Noem.  The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

**DATED** this ___8___ day of April, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court